KENNEDY, Circuit Judge,
concurring in judgment.
Because I believe that it is unnecessary to decide the standard of review in this case, I respectfully concur in the judgment. The majority decides that we should conduct de novo review of the BAP’s equitable mootness determination. This is the standard the creditor-appellants request in this case. Under their requested standard, however, we have determined that their claim fails. I believe, therefore, that we should assume a de novo standard, rather than decide what standard applies. The majority leaves the party aggrieved by this decision, the debt- or-appellee, unable to appeal; since the debtor has won, it has no way to seek further review of our decision that a de novo standard of review should be employed. This alone, in my view, should warrant avoidance of the issue. Also counseling avoidance is the fact that four circuits have split on the standard of review to be applied, which could make this a case warranting further review should the debt- or-appellee have been in a position to seek it.
I also believe that the standard of review in this case is a complicated question. First, this case is unlike other bankruptcy appeals from the BAP or a district court because that forum will be deciding the issue of equitable mootness for the first time. Generally, the BAP is reviewing the bankruptcy court’s decision and not making an equitable determination in the first instance, as it does here. As best I can tell, this is the only type of case where the BAP will be deciding an issue for the first time. Given this, I believe that our general statements that we engage in de novo review of BAP decisions are not informative. Those general statements come from cases where we are conducting direct review of the bankruptcy court’s decision, which is not present in this case because the first decision regarding equitable mootness was properly the BAP’s.
There is also good reason to think an abuse of discretion standard of review should be applied to the BAP’s equitable mootness determination. We generally review a forum’s discretionary decisions not to exercise its authority under an abuse of discretion. For instance, while a district court may have the power to decide pendent state law claims, it continues to have discretion to decline jurisdiction over such claims. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). We then review a district court’s decision to decline such jurisdiction under an abuse of discretion standard. Brandenburg v. Hous. Auth. of Irvine, 253 F.3d 891, 900 (6th Cir.2001). The same is true for a district court’s determination that it should refrain from exercising its authority based on the doctrine of laches. See Bridgeport Music, Inc. v. Justin Combs Publ’g, 507 F.3d 470, 493 (6th Cir.2007).
The dissent in Continental Airlines, which advocates a de novo standard of review and is relied upon by the majority, seems to me to have missed the uniqueness of this situation. First, it should be noted that the primary disagreement in the case was whether equitable mootness was a valid doctrine under which a court could refrain from exercising its authority and whether, if valid, it was as expansive as the majority in the case held. See, e.g., Continental Airlines, 91 F.3d 553, 567-68 (Alito, J., dissenting). The dissent’s *953 thoughts on the standard of review were relegated to a footnote. Id. at 568 n. 4. In that footnote, the dissent stated that the court of appeals generally conducted de novo review of district court bankruptcy decisions because the district court is functioning as an intermediate appellate court. Id. This misses the point that this situation is the only one, as far as I can tell, where the intermediate court will be deciding an equitable issue for the first time and is the proper body to decide that issue for the first time.
The dissent’s only other reason for using a de novo standard of review is equally unpersuasive to me. The dissent believed a heightened standard of review proper because the court of appeals was in as good of a position as the district court to make an equitable mootness determination. Id. While this may be true, this is not the only element considered when determining the standard of review to be applied, and, indeed, is likely one of the weakest elements to be considered.[1] After a tribunal has found facts, we are arguably in as good of a position as it is to weigh those facts against one another. We do not, however, generally re-weigh factors when reviewing a discretionary, equitable decision. See, e.g., Wonderland Shopping Ctr. Venture Ltd. v. CDC Mortgage Capital, Inc., 274 F.8d 1085, 1097 (6th Cir.2001) (noting that the denial of a preliminary injunction is reviewed for an abuse of discretion).[2]
Because I believe that we should not decide what standard of review applies in this case, I respectfully concur in the judgment.

. Indeed, it may well be that the BAP is in a better position to decide this issue than we are. The BAP is composed of seasoned bankruptcy judges who have extensive experience in the management of bankruptcy cases and therefore may be better at determining if unwinding a confirmed and implemented plan will have severe enough consequences that should cause an appellate court to stay its hand.

. One unique and unexplored factor in this case is the potential for a double determination of equitable mootness. If, under any standard of review, the BAP was incorrect and the appeal was not equitably moot, I think that we may have to determine whether the case has become equitably moot by the time the appeal is before us and therefore whether we should exercise our authority over the case. Just because we may have to make our own determination, however, does not mean that we should disregard the BAP's decision on the issue. The first step to the case is review. If upon review it is determined that the BAP’s decision was correct, we need not reach the question of whether we should exercise our authority and upset the status quo in the case.